Slip Op.15-48

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| FEDMET RESOURCES CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant.<br><br>ANH REFRACTORIES COMPANY, RESCO PRODUCTS, INC., AND MAGNESITA REFRACTORIES COMPANY,<br><br>    Defendant-Intervenors. | Before: Nicholas Tsoucalas,<br>Senior Judge<br><br>Court No. 12-00215 |

OPINION

[Commerce's Final Redetermination is sustained.]

Dated: May 22, 2015

Donald B. Cameron, Brady W. Mills, Julie C. Mendoza, Mary S. Hodgins, Rudi W. Planert, and Sarah S. Sprinkle, Morris Manning & Martin LLP, of Washington, DC, for plaintiffs.

Antonia R. Soares, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. With her on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director. Of counsel on the action was Whitney Rolig, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Joseph W. Dorn, Brian E. McGill, and J. Michael Taylor, King & Spalding LLP, of Washington, DC, for defendant-intervenor ANH Refractories Company et al.

**Tsoucalas, Senior Judge:** before the court are the final results of Defendant United States Department of Commerce's ("Commerce") redetermination pursuant to this court's Order, Fedmet Res. Corp. v. United States, No. 12-00215, (CIT March 30, 2015), ECF No. 89 ("Remand Order"), instructing Commerce to act in accordance with the Court of Appeals for the Federal Circuit's ("CAFC") decision in Fedmet Res. Corp. v. United States, 755 F.3d 912 (Fed. Cir. 2014). See Final Results of Redetermination Pursuant to Court Remand Magnesia Carbon Bricks from the People's Republic of China and Mexico, ECF No. 87 (Feb. 23, 2015) ("Final Redetermination"). Defendant-Intervenors, Resco Products, Inc., Magnesita Refractories Company, and Harbison Walker International, Inc. (formerly ANH Refractories Company) (collectively "Defendant-Intervnors"), challenge Commerce's redetermination. See Cmts. of Def.-Ints.'s on the Final Redetermination, ECF No. 98 (Apr. 29, 2015) ("Def.-Ints.'s Cmts."). Both Plaintiff, Fedmet Resources Corp., and Commerce request that the court sustain Commerce's Final Redetermination. See Rebuttal Cmts. of Pl. Fedmet Res. Corp. on the Final Redetermination, ECF No. 102 (May 14, 2015); See Def.'s Resp. to Cmts. on the Final Redetermination, ECF No. 106 (May 15, 2015).

In Fedmet the CAFC held that Commerce's determination that the scope of the Orders extended to Fedmet's Bastion magnesia alumina carbon bricks ("MACBs") is unsupported by substantial evidence, explaining that "Fedmet's [MACBs] are outside the scope of the countervailing and antidumping orders at issue in this case." Fedmet, 755 F.3d at 922; See Certain Magnesia Carbon Bricks From the People's Republic of China: Countervailing Duty Order, 75 Fed. Reg. 57,442 (Sept. 21, 2010); Certain Magnesia Carbon Bricks From Mexico and the PRC: Antidumping Duty Orders, 75 Fed. Reg. 57,257 (Sept. 20, 2010) (collectively "Orders"). Accordingly, pursuant to the CAFC's decision in Fedmet and this court's Remand Order, Commerce determined in its Final Redetermination that Fedmet's MACBs are not subject to the Orders on magnesia carbon bricks ("MCBs") from Mexico and the People's Republic of China ("PRC"). The relevant facts and procedural history are set forth in Fedmet. See Fedmet, 755 F.3d 912. Familiarity with the facts and procedural history is presumed.

Defendant-Intervenors insist that a remand is necessary for Commerce to remove the term "approximately" from the MACB definition and provide an "unambiguous, precise definition of the [MACBs] that are outside the scope of the antidumping and countervailing orders on [MCBs]." Def.-Ints.'s Cmts. at 1, 4-7.

Additionally, Defendant-Intervenors contend that a remand is necessary for Commerce to re-open the record of the scope proceeding to solicit additional factual information on testing methodologies for assessing alumina content and to provide guidance to U.S. Customs and Border Protection regarding the appropriate testing methodology that will distinguish between in-scope and out-of-scope merchandise. Id. at 1, 8-11.

The court finds Defendant-Intervenors's arguments unavailing. The MACBs definition Commerce relied on in the Final Redetermination is consistent with the definition the CAFC adopted in Fedmet. See Fedmet, 755 F.3d at 916-17. Accordingly, because the Final Redetermination is in full compliance with the CAFC's decision in Fedmet, the court concludes that the Final Redetermination must be sustained. Judgment will be entered accordingly.

/s/ Nicholas Tsoucalas
**Nicholas Tsoucalas
Senior Judge**

**Dated:** May 22, 2015
**New York, New York**